FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2012 APR -9 PM 12: 55

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

CASE NO.

JERMAINE HOLMES,

    Plaintiff,

3:12-CV-386-J-32JRK

v.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4.    Plaintiff, JERMAINE HOLMES ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant"), is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.    In connection with collection of an alleged debt in default, Defendant called Plaintiff on November 8, 2011 at 1:18 P.M., and at such time, Plaintiff was unable to answer the call, and Defendant did not leave a voicemail.

12.    Defendant called Plaintiff on November 9, 2011, and at such time Plaintiff disputed the alleged debt, refused to make a payment, and demanded that Defendant cease all communications.

13.    In response to Plaintiff's demand to cease communications, Defendant responded, "Sir, that is not going to work."

14.     That same day, Plaintiff sent Defendant a written letter disputing the alleged debt and demanding that Defendant cease communications via certified mail, which Defendant received on November 14, 2011 at 9:23 A.M. (See correspondence dated November 9, 2011, attached hereto as Exhibit "A").

15.     Despite receiving Plaintiff's written cease and desist letter, Defendant called Plaintiff in further effort to collect an alleged debt on November 15, 2011.

16.     Defendant's telephone calls to Plaintiff were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

17.     Defendant did not have Plaintiff's prior express consent to place telephone calls to Plaintiff's cellular telephone number.

18.     Defendant did not call Plaintiff's cellular telephone number for any emergency purpose.

## COUNT I

19.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

20.     Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all further communication or a statement that Plaintiff refuses to pay the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

21.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

22.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

23.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 6th day of ~~March~~ April, 2012.

Respectfully submitted,
**JERMAINE HOLMES**

By:

ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

EXHIBIT "A"

*Sent Via Certified Mail*

Jermaine Holmes
6090 Terry Road
Apt 301
Jacksonville, FL 32216

November 9, 2011

ERC
8014 Bayberry Road
Jacksonville, FL 32256

**RE:   AT&T**

To Whom It May Concern:

As per our conversation earlier today, this will serve as your legal notice under the federal Fair Debt Collection Practices Act (FDCPA) to cease all communication with me in regard to the debt referenced above.  **Do not contact me, or any third parties regarding this debt.**

Furthermore, I formally **dispute the validity of this debt.** Receipt of this formal dispute letter requires you to provide me with documentation that sufficiently supports your assertions that the above-referenced debt belongs to me and that I owe the exact amount alleged. Please send me copies of the original application for this account, any signatures associated with this account, any bills associated with this account, etc.

You are also notified that should you furnish any derogatory or inaccurate information to any credit reporting agencies, appropriate actions will be taken pursuant to the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

Thank you for your prompt attention to this matter.

Sincerely,

Jermaine Holmes

Cc: file

Sender: Complete this section

1. Complete item 2.
2. Print your name and address on the reverse so that we can return the card to you.
3. Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Number
   7196 9000 4260 5305 2146

2. Article Addressed to:
   EKC
   8014 Bayberry Rd
   Jacksonville, FL
   32256

3. Service Type
   CERTIFIED MAIL

4. Restricted Delivery? (Extra fee)

PS Form 3811, March 2005 (PSN: 7530-07-000-0300)

Complete this section upon Delivery:

A. Received by (Printed name)

B. Date of Delivery
   NOV 14 20

C. Signature
   ☐ Agent
   ☐ Addressee

D. Is delivery address different from item 2?
   If YES, enter delivery address below   ☐ Yes   ☐ No

Domestic Return Receipt